**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

AGUSTINA R.E.,

Petitioner,

v.

PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement,

Respondents.

Case No. 26-CV-612 (NEB/LIB)

ORDER ON
PETITION FOR
WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Agustina R.E.'s Petition for a Writ of Habeas Corpus.[1] (ECF No. 1.) Agustina R.E. is a citizen of Mexico who has lived in the United States since 2008. She is the sole parental guardian of her seventeen-year-old son.

On January 23, 2026, Agustina R.E. left her workplace in Eagan. She was boxed in by multiple ICE agents who were driving erratically. ICE took Agustina R.E. into custody without a warrant. Her son learned she had been detained when he checked her phone's location after she did not come home from work at her usual time. The location showed

[1] The following factual recitation comes from the Petition; Respondents do not dispute these facts.

that she was in the Whipple Building; the phone has since been turned off. The day of her detention, Agustina R.E. filed this habeas action.

Agustina R.E. is one of hundreds of petitioners in the District who have challenged their detention by ICE. Like those petitioners, Agustina R.E. argues she has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because she has been living in the United States since she entered the country over nine years ago, Agustina R.E. asserts that Section 1226, rather than Section 1225, applies. She therefore argues that she is entitled to immediate release and that her detention under Section 1225(b)(2) violates the Fifth Amendment, the INA, and the Administrative Procedure Act.

The Court has already concluded that petitioners similarly situated to Agustina R.E. are governed by Section 1226 rather than Section 1225. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Agustina

R.E. while she was entering the United States. Instead, she was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents concede that the Court's decision in *R.E.* controls Agustina R.E.'s Petition. Respondents merely file a one-paragraph brief preserving its argument for appeal. The Court therefore grants the Petition for Writ of Habeas Corpus.

The issue of remedy remains. Agustina R.E. requests immediate release. Several courts in this District have concluded that petitioners detained by ICE without an

administrative warrant, which is required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, 26-CV-5 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."). Agustina R.E. asserts that her arrest was warrantless. The Court ordered Respondents to produce evidence to establish the lawfulness and correct duration of Agustina R.E.'s detention in light of issues raised by the habeas petition. Respondents did not submit a warrant to support Agustina R.E.'s arrest. Because a warrant is a prerequisite to detention under Section 1226(a), and there was no warrant here, Agustina R.E.'s detention lacks a lawful predicate. *Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6; *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-CV-437, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025). The Court therefore orders the immediate release of Agustina R.E.

One final matter is before the Court—Agustina R.E.'s motion for an order to show cause. (ECF No. 5.) The relevant facts are as follows. Agustina R.E. filed her Petition on January 23; she called her son after midnight that night from a Minnesota number, suggesting she was still in Minnesota. The Court was assigned the Petition the next morning (ECF No. 2) and at 10:38 a.m. entered an order enjoining Respondents from

moving Agustina R.E. outside of Minnesota (ECF No. 3). The Court also ordered that if Agustina R.E. has already been moved from Minnesota, she must be immediately returned. (*Id.*) At 10:21 p.m., Agustina R.E. filed an emergency motion to show cause after counsel learned that Agustina R.E. was already in Texas. (ECF No. 5.) Respondents explain that they are "currently coordinating with the Agency to determine the location of this Petitioner." (ECF No. 8.) Further, Respondents explain, if Agustina R.E. was moved outside of Minnesota, she will be returned immediately. (*Id.*) Respondents ask for one day to update the Court. (*Id.*) The Court grants the request.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

   a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

   b. ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two hours' advance notice to counsel;

c. ORDERS that, within **two days** of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred; and

d. ENJOINS Respondents from moving Petitioner outside of Minnesota prior to Compliance with this Order. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota.

2. Respondents must respond to the Motion for Order to Show Cause by January 27, 2026.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 27, 2026
Time: 8:25 a.m.

BY THE COURT:
s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge